991 F.2d 791
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George FERGUSON, Defendant-Appellant.
 No. 92-5732.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 29, 1993
Decided: April 21, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge, sitting by designation. (CR-88-85)
 James Burke Rich, III, for Appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before LUTTIG, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 George Ferguson appeals from the district court's imposition of a term of nine months imprisonment for violation of supervised release. He asserts that the district court erred in not giving him credit against his sentence for time which elapsed between the issuance of the warrant for his arrest and the execution of the warrant. We affirm.
 
 
 2
 Ferguson was originally sentenced in the Northern District of West Virginia to a twenty-one month term of imprisonment. After his release, he began a three-year term of supervised release. In January 1992, he was arrested on state drug and theft charges in Maryland. The probation officer in West Virginia petitioned for revocation of Ferguson's supervised release, and a warrant issued for his arrest on February 26, 1992. It appears from the extremely sketchy record that Ferguson was in state custody in Maryland on that date.
 
 
 3
 On May 29, 1992, the arrest warrant was executed, and a hearing was held in the district court in West Virginia on June 4, 1992. The matter of revocation was stayed, and Ferguson was released on a personal recognizance bond to give him an opportunity to cooperate with authorities. At a second hearing on September 29, 1992, the district court found Ferguson guilty of having violated the conditions of his supervised release and imposed a sentence of nine months.
 
 
 4
 In this appeal, Ferguson contends that the district court should have given him credit against the nine-month sentence for the time the warrant for arrest was pending-February to May 1992. It does not appear from the record, nor does Ferguson assert, that this matter was raised in the district court. However, even if the issue has not been waived, it is without merit. A district court is not authorized to award credit at sentencing. A claim for credit must be made to the Attorney General after the defendant begins to serve his sentence. United States v. Wilson, 60 U.S.L.W. 4244 (U.S. 1992). Therefore, the district court was without authority to award the credit that Ferguson seeks.
 
 
 5
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED